AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Michigan | |
|---|---|---|
| Name (under which you were convicted): <br><br> DALLAS DYSON | | Docket or Case No.: |
| Place of Confinement : <br> Lakeland Correctional Facility (Coldwater, MI) | Prisoner No.: <br><br> #262685 | |
| Petitioner (include the name under which you were convicted) <br><br> DALLAS DYSON | Respondent (authorized person having custody of petitioner) <br><br> BRYAN MORRISON (Warden LCF) | |
| The Attorney General of the State of: Michigan | | |

v.

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Kent County Circuit Court

    180 Ottawa, NW

    Grand Rapids, MI 49503

    (b) Criminal docket or case number (if you know):  19-07923-FC

2.  (a) Date of the judgment of conviction (if you know):  01/07/2020

    (b) Date of sentencing:  02/17/2020

3.  Length of sentence:  6 years, 6 months to 15 years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Third-degree criminal sexual conduct; MCL 750.520d(1)(b)

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty       ☑ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Michigan Court of Appeals

(b) Docket or case number (if you know):   355158

(c) Result:   Granted appellate counsel's motion to withdraw; denied motion for reconsideration.

(d) Date of result (if you know):   12/16/2020

(e) Citation to the case (if you know):   Unknown

(f) Grounds raised:   Defense counsel moved to withdraw, which was granted.  Dyson moved for reconsideraton, which was denied on 2/5/21.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Michigan Supreme Court

(2) Docket or case number (if you know):   162914

(3) Result:   Application for leave denied.  Motion for appellate counsel denied.

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     08/03/2021

(5) Citation to the case (if you know):     People v Dyson, 508 Mich 896 (2021)

(6) Grounds raised:     Mr. Dyson's underlying claim was a due process violation for

improper judge-shopping. He was denied the right to assert his claim. His rights to

counsel on his first tier review was denied with the ineffective assistance of counsel.

He was denied substitute counsel, forcing him to pro se representation.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐  Yes     ☑  No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☐  Yes     ☑  No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes        ☐  No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❏  Yes    ❏  No

      (7) Result: _____

      (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

      (1)  First petition:    ❏  Yes   ❏  No

      (2)  Second petition:   ❏  Yes   ❏  No

      (3)  Third petition:    ❏  Yes   ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Mr. Dyson was the victim of improper judge-shopping and was never provided a chance to

litigate the issue due to being denied the effective assistance of counsel and being denied substitute counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In Kent County Circuit Court, case number 18-09639-FC, the charges against Mr. Dyson were dismissed on

August 12, 2019 after a motion by the defense.  The prosecution reissued charges the next day, securing

a different judge who would not dismiss.  After a plea and sentencing, Dyson appealed and his first appellate

attorney moved to withdraw which was granted, but substitute counsel was not appointed, forcing Mr.

Dyson to represent himself.

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _____

Name and location of the court where the motion or petition was filed:  _____

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  _____

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❐  Yes     ❐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐  Yes     ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ❏  Yes       ❏  No

(4) Did you appeal from the denial of your motion or petition?               ❏  Yes       ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes       ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   _____

   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ❏  Yes     ❏  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   (3) Did you receive a hearing on your motion or petition?                    ❏  Yes     ❏  No

   (4) Did you appeal from the denial of your motion or petition?               ❏  Yes     ❏  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes     ❏  No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ❐   Yes        ❐  No

(4) Did you appeal from the denial of your motion or petition?                        ❐   Yes        ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❐   Yes        ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
          having jurisdiction?     ☑ Yes        ☐  No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
          presenting them: _____

          _____

          _____

          _____

   (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which
          ground or grounds have not been presented, and state your reasons for not presenting them:

          No._____

          _____

          _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
       that you challenge in this petition?        ☐    Yes      ☑ No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
       of any court opinion or order, if available. _____

       _____

       _____

       _____

       _____

       _____

       _____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
       the judgment you are challenging?        ☐    Yes      ☑ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
       raised. _____

       _____

       _____

       _____

       _____

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Marcus Chmiel (P80556)

(b) At arraignment and plea:   Marcus Chmiel (P80556)

(c) At trial:   N/A

(d) At sentencing:   Marcus Chmiel (P80556)

(e) On appeal:   Charles B. Covello (P40185)

(f) In any post-conviction proceeding:   N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes   ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   A writ of habeas corpus should issue directing the

State of Michigan to release Mr. Dyson, or reinstate is appellate rights on his first tier review as required by

Halbert v Michigan, 545 U.S. 605 (2005).

or any other relief to which petitioner may be entitled.

_____
                                            Signature of Attorney (if any)

RONALD  D.  AMBROSE  P45504

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   _____   (month, date, year).

Executed (signed) on   _____07/28/2022_____   (date).

_____
                                            Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Represented by counsel.

_____

_____

_____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DALLAS DYSON #262685**,

    Petitioner,

v.

**MELINDA BRAMAN (Warden MTU)**,

    Respondent.

_____/

### <u>PETITION FOR WRIT OF HABEAS CORPUS</u>
### <u>and</u>
### <u>MEMORANDUM OF LAW IN SUPPORT</u>

Ronald D. Ambrose (P45504)
Attorney for Petitioner
16818 Farmington Rd.
Livonia, Michigan 48154-2947
(248) 890-1361
email: rda100@flash.net

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DALLAS DYSON #262685,**

Petitioner,

v.

**BRYAN MORRISON (Warden LCF),**

Respondent.

_____/

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Dallas Dyson, through Attorney Ronald D. Ambrose, submits this habeas corpus petition pursuant to 28 U.S.C. § 2254, stating as follows:

1. Mr. Dyson is a citizen of the United States, is domiciled in the State of Michigan, and is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan.

2. Mr. Dyson is presently unconstitutionally detained and imprisoned at that facility by Respondent Bryan Morrison, the Warden of LCF, where Mr. Dyson is serving an indeterminate sentence of six (6) years and six (6) months to a maximum term of fifteen (15) years, imposed by Judge George Jay Quist of

the Kent County Circuit Court, after Mr. Dyson pled no contest to one count of third-degree criminal sexual conduct, contrary to MCL 750.520(d)(1)(b).

3. Mr. Dyson has exhausted all available state remedies with regard to the violation of his United States Constitutional rights under the 6th and 14th Amendments involving: The denial of his right to appellate counsel on appeal of his first tier review of his state conviction; the right to effective assistance of counsel on his first tier review of his criminal conviction; the right to judicial determination of competency to represent himself, where he consistently sought substitute appellate counsel, and was denied same and forced to pursue his appellate review pro se in the state courts; denied of the trial court records, transcripts, and no merit filings of appointed appellate counsel, after appointed appellate counsel was judicially ordered to provide Mr. Dyson these and was in disdain to providing those to Mr. Dyson.

4. Mr. Dyson took the following steps to properly present his issues to the state courts:

a. On his first tier review before the Michigan Court of Appeals, Mr. Dyson asserted his rights to appellate counsel seeking appointment of substitute court-appointed appellate counsel, which was never judicially resolved by the Michigan Court of Appeals.

b. On his first tier review before the Michigan Court of Appeals, Mr. Dyson asserted his right to a copy of appointed appellate counsel's no merits Anders briefing, and access to trial court transcripts, which

court-appointed appellate was under order of the court to provide Mr. Dyson. To which after notification to the court and letters to counsel, where never provided to him to assist Mr. Dyson in presenting his rebuttal to the courts on appointed appellate counsel's no merits filings and withdrawal requests which Mr. Dyson was under court order of the Michigan Court of Appeals to present to the court by a judicially imposed court ordered deadline.

c. On his first tier review, before the Michigan Court of Appeals, Mr. Dyson never asserted his right to self-representation and was never provided a judicial determination that he was competent to self-representation, and was constructively forced to proceed pro se, without the <u>Anders</u> filings and trial court transcripts, notwithstanding Mr. Dyson notification to the courts of these deficient circumstances.

d. On his first tier review before the Michigan Court of Appeals, Mr. Dyson asserted his right to effective assistance of counsel on his first tier review of his state court conviction.

e. On his first tier review, Mr. Dyson asserted his right to have his judicially imposed pro se filing liberally construed consistent with <u>Haines</u> v <u>Kerner</u>, 404 US 519; 30 L Ed 2d 652; 92 S. Ct 594 (1972).

f. That Mr. Dyson, filed a timely Application For Leave To Appeal to the Michigan Supreme Court of the Michigan Court of Appeals' December 16, 2020 and February 5, 2021 orders allowing court-appointed appellate counsel to withdraw, and denying his application for leave to appeal.

g. That in his Application For Leave to Appeal to the Michigan Supreme Court, Mr. Dyson asserted those same issues stated above, as raised in his first tier review of his conviction by the Michigan Court of Appeals, which he was forced to proceed pro se, without being given any lower court filings of court-appointed appellate counsel's no merit filings, and without being provided copies of or access to these.

h. That on August 3, 2021, the Michigan Supreme Court denied Mr. Dyson's Application for Leave to Appeal, and request for appointment of appellate counsel on his first tier review.

5. As set-forth in the accompanying Memorandum of Law, Mr. Dyson is being detained in violation of his 6th and 14th amendment rights of the United States Constitution.

6. Mr. Dyson has not filed any previous Petition for Writ of Habeas Corpus, in this Court or any other Federal District Court.

## RELIEF REQUESTED

A.      That Mr. Dyson  seeks the Respondent be ordered to appear and answer the allegations of his Petition;

B.      That after full consideration, Mr. Dyson asks this Honorable Court to order that Mr. Dyson be appointed substitute appellate counsel and reinstatement of his first tier review rights of his state court guilty plea conviction or released from custody;

C.      That this Court grant such other further, and different relief as this Honorable Court may deem just and proper under the circumstances; and

D.      This Court grants oral argument on this matter.

Dated: July 28, 2022                    Respectfully Submitted,


_____
Ronald D. Ambrose (P45504)
Attorney for Petitioner
16818 Farmington Rd.
Livonia, Michigan 48154-2947
(248) 890-1361
email:  rda100@flash.net

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DALLAS DYSON #262685,**

      Petitioner,

v.

**BRYAN MORRISON (Warden LCF),**

      Respondent.

_____/

### <u>PETITION FOR WRIT OF HABEAS CORPUS</u>
### <u>MEMORANDUM OF LAW IN SUPPORT</u>

Ronald D. Ambrose (P45504)
Attorney for Petitioner
16818 Farmington Rd.
Livonia, Michigan 48154-2947
(248) 890-1361
email:  rda100@flash.net

## MEMORANDUM IN SUPPORT OF
## PETITION FOR WRIT OF HABEAS CORPUS

Dallas Dyson is presently detained in violation of his Federal Constitutional Rights. He brings this petition for judge shopping, which is a due process violation; collateral estoppel; for the dismissal of his felony for forum of convenience of the prosecutor who on several occasion was not prepared to proceed to trial when Mr. Dyson was prepared and asserted his rights to the same: for violation of his rights to counsel on his first tier review of his conviction; for denial of transcripts to pursue his claims pro se after the court allowed his appellate attorney to withdraw; for the denial of substitute appellate counsel when promptly sought on his first tier review;  for denial of effective assistance of appellate counsel on his first tier review; and for forced representation without judicial oversight and determination he was competent to represent himself.

Pursuant to United States Supreme Court case law, a pro se litigant's filings must be liberally construed. Haines v Kerner, 404 US 519; 30 L Ed 2d 652; 92 S. Ct 594 (1972); Erickson v Pardus, 551 US 89; 127 S Ct 2197; 167 L Ed 2d 1081 (2007). Pursuant to Halbert v Michigan, 545 U.S. 605 (2005), a criminal defendant on review of his guilty plea, through his first tier review, is entitled to appellate counsel, and also substitute appellate counsel, where his attorney

sought to withdraw for alleged no merit under <u>Anders</u> v <u>California</u>, 386 U.S. 738 (1967). Also, a pro se defendant on review of his conviction in Michigan, is entitled to access the transcripts and court records. In the case of the present Petitioner, his attorney who was under a court order from the Michigan Court of Appeals to provide transcripts to Petitioner, never did and never provided Petitioner a copy of the no merits brief filed which the court used to allow appellate counsel to withdraw. <u>Halbert</u> clearly dictates that a criminal defendant in Michigan is entitled to appellate counsel. A defendant is not to be proceeded against unless deemed competent to represent himself.

Michigan recognizes a variety of issues which survive a guilty plea, in particular, that deficiencies to the quantum of evidence offered at a preliminary examination is appealable. In this case while there may have been sufficient evidence to bind over under Michigan law, there was classic judge shopping. <u>See</u> <u>People</u> v <u>Walls</u>, 117 Mich App 691 (1982); <u>People</u> v <u>George</u>, 114 Mich App 204 (1982). Being that judge shopping is more egregious violation to ones rights than quantum of evidence at a preliminary examination, then a judge shopping issue services a guilty plea. Submitting a case to an alternative jurist is recognized as a due process violation. <u>Walls</u>.

In <u>Jones</u> v <u>Berge</u>, 246 F Supp 2d 1045 (E.D. Wis 2005), the Court addressed the denial of substitute appellate counsel, and the forced representation. There, as the case here, the waiver of counsel or forced self-representation was never assessed. <u>See also</u>, <u>Jones</u> v <u>Berge</u>, 246 F Supp 2d 1045 (ED Wis, 2003), <u>opinion after grant of writ sub nom</u>. <u>State</u> v <u>Jones</u>, 293 Wis 2d 361; 715 NW2d 240 (2006); <u>James</u> v <u>Campbell</u>, No. 20-1430, 2020 WL 9597495 (CA 6, September 17, 2020), <u>cert den</u> 141 S Ct 2644; 209 L Ed 2d 764 (2021). As <u>Anders</u> points out the appellat, is entitled to: 1) a conscientious examination of the trial court record; 2) a motion by counsel to withdraw, based on an opinion that the appeal was frivolous and accompanied by a brief referring to anything in the record that would arguably support the appeal; 3) a copy of the brief by counsel to withdraw and an opportunity to raise any points he chose; and 4) a thorough examination by the appellate court. <u>Anders</u> at 744.

In this case, Mr. Dyson's appellate attorney never served him a copy of the no merit brief, nor provided a transcripts, as the Michigan Court of Appeals ordered. The State court also denied Dyson another appellate lawyer after requesting the same. <u>See</u> <u>Toliver</u> v <u>McCaughtry</u>, 72 F Supp 2d 960 (ED Wis, 1999). Violations of this character, are structural, and avoid harmless error analysis. <u>Penson</u> v <u>Ohio</u>, 488 US 75; 109 S Ct 346; 102 L Ed 2d 300 (1988). It

prevented Dyson from raising his meritorious issue of a due process violation for the judge shopping that occurred.

The instant case is pretty straightforward, and leaves no doubt that Mr. Dyson, was denied his rights under the United States Constitution. A writ should issue directing the State of Michigan to release Mr. Dyson, or reinstate is appellate rights on his first tier review as <u>Halbert</u> requires.

Respectfully Submitted,

Dated: July 28, 2022

Ronald D. Ambrose (P45504)
Attorney for Petitioner
16818 Farmington Rd.
Livonia, Michigan 48154-2947
(248) 890-1361
email:  rda100@flash.net